UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

L.N.K. INTERNATIONAL, INC.,

                  Plaintiff,

        -against-

CONTINENTAL CASUALTY COMPANY,

                  Defendant.
-------------------------------------------------------------------X

**MEMORANDUM ORDER**

22-CV-05184 (GRB) (JMW)

**A P P E A R A N C E S:**

Kenneth H. Frenchman, Esq.
Chelsea L. Ireland, Esq.
**Cohen Ziffer Frenchman & McKenna**
1325 Ave. of the Americas
New York, New York 10019
*For Plaintiff*

Todd S. Schenk, Esq.
Courtney E. Scott, Esq.
Zachary Greening, Esq.
**Tressler LLP**
233 South Whacker Drive, 61 st Fl.
Chicago, Illinois 60606
*For Defendant*

**WICKS,** Magistrate Judge:

      Before the Court is the parties' joint application for a limited stay of proceedings pending their attempt to achieve a resolution of the action. (DE 22.) Specifically, the parties seek a stay of proceedings through and including June 19, 2023. (*Id.*) Even though *both* parties seek a stay, the Court necessarily undertakes a review to determine whether a stay is warranted. And that is because a request to stay litigation on its face appears to be the antithesis of Rule 1's mandate

that the Court administer the Rules and therefore manage all cases "to secure the just, speedy, and inexpensive determination of every action and proceeding."

For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore the joint motion (DE 22) is GRANTED.

## DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The moving party must make a showing of "good cause" to warrant a stay. *See, e.g., Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (stay of discovery sought pending motion to dismiss). In evaluating whether a stay of proceedings is appropriate, courts consider a variety of factors, depending upon the circumstances under which the stay is sought: a motion to dismiss (*see, e.g., Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)), a motion to compel arbitration (*see, e.g., Alvarez v. Experian Information Solutions, Inc,* 19-CV-3343 (JS)(JMW), 2021 WL 2349370 (E.D.N.Y. June 7, 2021)), or like here, simply to pursue settlement or mediation.

Here, where the parties have a expressed a clear desire to pursue a resolution, the Court considers "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Catskill Mountains Chapter of Trout*

*Unlimited, Inc. v. Envtl. Protection Agency*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (collecting cases) (citing *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).

There is little or no prejudice if a stay is granted. First, the Court notes that this case is in its nascent stage, as the Initial Conference was only recently conducted. (*See* DE 14 and 18.) Thus, the parties' resources at this juncture are surely better diverted toward attempting resolution rather than discovery. There is also no indication of a potential loss of evidence or documents if a stay is granted, and that assurance certainly minimizes any possible prejudice. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (finding "risk of loss of documents to be minimal" where defendants assured preservation efforts were secured).

Second, considering the balance of the factors – private interests of the litigants and others, the public interest, and the interests of the Court – the Court is more than satisfied that the issuance of a stay for a limited period under these circumstances in fact furthers Rule 1's mandate to construe the Rules to ensure a "just, speedy and inexpensive" determination of cases. A limited stay clearly serves the interest of the Court by promoting judicial economy, as well as the interests of the parties and the public by allowing time to attempt an amicable resolution. The benefits of pursuing a settlement early in this case outweigh the interests in commencing formal discovery now. The very process of negotiating a potential resolution itself is likely to provide the parties valuable information that could help eliminate or narrow claims or defenses even if the mediation is unsuccessful. Judge William Pauley's keen observations about mediation are worth noting in this regard,

> With the heavy caseloads shouldered today by federal and State courts alike, mediation provides a vital alternative to litigation. The benefits of mediation include its cost-effectiveness, speed and adaptability.

3

*Fields-D'Arpino v. Restaurant Assocs., Inc.,* 39 F. Supp. 2d 412, 417 (S.D.N.Y. 1999).

Accordingly, weighing all of the relevant factors, the Court is satisfied that a stay of proceedings is warranted under the circumstances.

## CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of proceedings to and including June 19, 2023. The parties are directed to file a joint status letter on or before June 5, 2023. Therefore, the motion to stay (DE 22) is hereby GRANTED.

The undersigned is also available to conduct a settlement conference if the parties so desire and should contact chambers directly if that is the chosen path.

Dated: Central Islip, New York
       March 23, 2023

**S O   O R D E R E D:**

/s/ *James M. Wicks*
     JAMES M. WICKS
United States Magistrate Judge

4